**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**THOMAS M. DORTCH,**
    **Plaintiff,**

**vs.**                                             **CASE NO.: 3:09cv460/MCR/MD**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**
    **Defendant.**
_____

**REPORT AND RECOMMENDATION**

This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits.  Pending is the defendant's motion to remand pursuant to sentence four of § 405(g) (doc. 7).  The plaintiff does not oppose the motion according to the certification of the defendant.

Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  The Commissioner of Social Security states that remand is appropriate so the ALJ may re-evaluate the evidence and further consider the severity of plaintiff's mental impairments and plaintiff's residual functional capacity (RFC), inclusive of the effects of drug abuse and alcoholism.  The ALJ will be directed to determine if drug abuse and/or alcoholism is a factor material to the finding of disability.  If it is, the ALJ will further be directed to reassess plaintiff's RFC exclusive of the effects of drug abuse and/or alcoholism to determine if plaintiff would be disabled disregarding the effects.  Finally, the ALJ will be directed to

obtain vocational expert testimony to determine the effect of plaintiff's limitations on his ability to work. Specifically, the ALJ will be directed to instruct the vocational expert to consider plaintiff's mental limitations. Additionally, the ALJ will be directed to instruct the vocational expert to consider plaintiff's physical limitations, including his limited hearing, and his ability to reach overhead only occasionally. Good cause has been shown for remand.

Accordingly, it is RECOMMENDED as follows:

1. That the defendant's motion to remand (doc. 7) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2. That this case be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. That defendant be ordered to direct the Administrative Law Judge to re-evaluate the evidence and further consider the severity of plaintiff's mental impairments and plaintiff's residual functional capacity (RFC), inclusive of the effects of drug abuse and alcoholism. The ALJ will be directed to determine if drug abuse and/or alcoholism is a factor material to the finding of disability. If it is, the ALJ will further be directed to reassess plaintiff's RFC exclusive of the effects of drug abuse and/or alcoholism to determine if plaintiff would be disabled disregarding the effects. Finally, the ALJ will be directed to obtain vocational expert testimony to determine the effect of plaintiff's limitations on his ability to work. Specifically, the ALJ will be directed to instruct the vocational expert to consider plaintiff's mental limitations. Additionally, the ALJ will be directed to instruct the vocational expert to consider plaintiff's physical limitations, including his limited hearing, and his ability to reach overhead only occasionally.

4. That the clerk be directed to enter judgment for plaintiff and close the file.

**DONE AND ORDERED this 14th day of January, 2010.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and al other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**