IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS M. DORTCH,
    Plaintiff,

vs.                                  CASE NO.: 3:09cv460/MCR/MD

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**
    **Defendant.**
    _____/

## O R D E R

This cause comes on for consideration upon the magistrate judge's report and recommendation dated January 14, 2010. The plaintiff has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1), and I have made a _de novo_ determination of those portions to which an objection has been made.

Having considered the report and recommendation and all objections thereto timely filed, I have determined that the report and recommendation should be adopted.

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's report and recommendation is adopted and incorporated by reference in this order.

2. The defendant's motion to remand (doc. 7) is GRANTED and the Commissioner's decision denying benefits is REVERSED.

3. This case is remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

4.      The defendant is ordered to direct the Administrative Law Judge to re-evaluate the evidence and further consider the severity of plaintiff's mental impairments and plaintiff's residual functional capacity (RFC), inclusive of the effects of drug abuse and alcoholism.  The ALJ will be directed to determine if drug abuse and/or alcoholism is a factor material to the finding of disability.  If it is, the ALJ will further be directed to reassess plaintiff's RFC exclusive of the effects of drug abuse and/or alcoholism to determine if plaintiff would be disabled disregarding the effects.  Finally, the ALJ is directed to obtain vocational expert testimony to determine the effect of plaintiff's limitations on his ability to work.  Specifically, the ALJ is directed to instruct the vocational expert to consider plaintiff's mental limitations.  Additionally, the ALJ is directed to instruct the vocational expert to consider plaintiff's physical limitations, including his limited hearing, and his ability to reach overhead only occasionally.

5.      The clerk is directed to enter judgment for plaintiff and close the file.

**DONE AND ORDERED this 31st day of March, 2010.**

   *s/ M. Casey Rodgers*
   **M. CASEY RODGERS**
   **UNITED STATES DISTRICT JUDGE**